IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JORGE DELFIN,

              Petitioner,

v.

COREY FHUERE,

              Respondent.

Case No. 6:24-cv-00706-SI

ORDER

SIMON, District Judge.

The Court previously reserved ruling on all pending motions and stayed all deadlines in this 28 U.S.C. § 2254 habeas corpus case until such time as the Ninth Circuit Court of Appeals ruled on Petitioner's Notice of Appeal (#26). On October 29, 2024, the Court of Appeals dismissed Petitioner's appeal for lack of jurisdiction. Accordingly, the Court lifts the stay in this case.

Petitioner's pending Motion for Necessary Party to Join Proceeding (#24) is denied for the reasons identified in the Court's prior Order (#22) which denied his Motion to Add Necessary Indispensable Party Beyond Titular Impact on Case (#17).

1 - ORDER

Respondent moves the Court to dismiss the Petition for Writ of Habeas Corpus without prejudice, refile it, and deem it refiled as of April 25, 2024. He makes the Motion because Petitioner filed the case before his state court remedies were fully exhausted, thus rendering the filing premature. Respondent's Motion (#27) poses no adverse consequence to Petitioner and is granted.

Petitioner brings a Motion for Injunctive Relief (#35) in which he asks the Court to order all Oregon state courts to apply the rule set forth in *Apprendi v. New Jersey,* 530 U.S. 466 (2000).[1] In this habeas corpus case, Petitioner has standing to bring this suit only on his own behalf, against his custodian, to challenge the judgment under which he is currently in custody. He may make his *Apprendi* arguments in a memorandum in support of his Petition in the context of his challenge to his judgment, but it is not proper to ask the Court to issue a directive to all Oregon state courts regarding the precedential value of *Apprendi*. The Motion for Injunctive relief is therefore denied.

Petitioner has also filed a fourth Motion for Appointment of Counsel (#36), a Motion for Reconsideration (#38) asking the Court to appoint him counsel, a fifth Motion for Appointment of Counsel (#44), and another Motion (#45) in which he asks the Court to appoint counsel prior to ruling on any motions. The Court has reviewed the record in this case and determined that the interests of justice do not warrant the appointment of counsel. Petitioner's Motions are therefore denied.

---

[1] In *Apprendi,* the Supreme Court where the Supreme Court held the Supreme Court held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.

2 - ORDER

Petitioner has also filed a Motion to Strike (#42) in which he asks the Court to strike a portion of Respondent's briefing and to also reconsider its prior ruling to allow Respondent to file a document under seal. He has filed a second Motion to Strike (#46) asking the Court to strike Respondent's Response (#29) to his Petition for Writ of Habeas Corpus. Petitioner provides the Court with no valid reason to reconsider its prior ruling regarding the sealed document, and if he disagrees with the contents of Respondent's briefing, the proper way to do so is when he files his memorandum in support of his Petition for Writ of Habeas Corpus. The Motions to Strike are therefore denied.

Finally, Petitioner asks the Court to "disqualify" Respondent's attorney of record for failing to concede what Petitioner believes to be a winning argument. Again, the proper way to challenge Respondent's legal arguments is for Petitioner to respond to those arguments in a supporting memorandum. His Motion to Disqualify Counsel (#43) is denied.

## **CONCLUSION**

The stay in this matter is lifted. Petitioner's Motions (#24, #35, #36, #38, #42, #43, #44, #45, & #46) are denied. Respondent's Motion to Dismiss and Deem Refiled (#27) is granted. The Clerk shall dismiss this action without prejudice and reopen it on the date of this Order. The Court will internally deem the reopen date as April 25, 2024.

Petitioner's supporting memorandum is due December 30, 2024. The Court will take the Petition for Writ of Habeas Corpus (#1) under advisement on January 14, 2025.

IT IS SO ORDERED.

October 31, 2024
DATE

Michael H. Simon
United States District Judge

3 - ORDER