IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JORGE DELFIN,

        Petitioner,

v.

COREY FHUERE,

        Respondent.

Case No. 6:24-cv-00706-SI

OPINION AND ORDER

Jorge Delfin
13107777
Oregon State Penitentiary
2605 State Street
Salem, OR 97310-0505

        Petitioner, *Pro Se*

Dan Rayfield, Attorney General
Samuel A. Kubernick, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

        Attorneys for Respondent

1 – OPINION AND ORDER

SIMON, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his Marion County Judgment dated February 4, 2019. For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) is denied.

## BACKGROUND

In 2018 and 2019, Petitioner was facing three different indictments in Marion County pertaining to his distribution of narcotics near a school and being a felon in possession of a firearm. Respondent's Exhibit 102. He ultimately agreed to plead guilty to one count each of Delivery of Heroin, Felon in Possession of a Firearm, Delivery of Methamphetamine within 1000 Feet of a School, and Delivery of Methamphetamine. In exchange, the State agreed to dismiss the three remaining felony charges and also agreed not to seek an upward departure sentence. The parties agreed to jointly recommend a 165-month prison sentence and, following the entry of Petitioner's guilty plea, the trial court imposed that agreed-upon sentence. Respondent's Exhibit 106, p. 16.

Petitioner took a direct appeal. When his attorney could not find any arguable issues to present, he filed a *Balfour* brief on Petitioner's behalf.[1] The State argued that the appeal was unreviewable due to the underlying guilty plea and, even if that were not the case, the claims Petitioner raised in his portion of the *Balfour* brief were unpreserved and ineligible for review. Respondent's Exhibit 108. The Oregon Court of Appeals affirmed the trial court's Judgment

---

[1] The *Balfour* procedure provides that counsel need not ethically withdraw when faced with only frivolous issues for appeal. *State v. Balfour*, 311 Or. 434, 449, 814 P.2d 1069 (1991). Rather, the attorney may file Section A of an appellant's brief containing a statement of the case sufficient to "apprise the appellate court of the jurisdictional basis for the appeal." *Id.* at 451. The appellant may then file the Section B segment of the brief containing any assignments of error he wishes. *Id* at 452.

without issuing a written opinion, and the Oregon Supreme Court denied review. *State v. Delfin,* 413 Or. App, 474 P.3d 942 (2020), *rev. denied,* 367 Or. 559, 480 P.3d 937 (2021).

Petitioner next filed for post-conviction relief ("PCR") in Marion County where he presented two claims: (1) trial counsel failed to anticipate a change in state law regarding what constituted "delivery" of narcotics in Oregon; and (2) trial counsel failed to anticipate that Oregon's nonunanimous jury verdict rule was likely to be found unconstitutional by the United States Supreme Court. Respondent's Exhibit 118. Following a hearing, the PCR court denied relief on these claims. The Oregon Court of Appeals issued a nonprecedential memorandum opinion in which it affirmed that decision, and the Oregon Supreme Court denied review. *Delfin v. Fhuere,* 330 Or. App. 122, (2024 WL 50979), *rev. denied,* 372 Or. 192, 546 P.3d 910 (2024).

On April 25, 2024, Petitioner filed this 28 U.S.C. § 2254 habeas corpus case in which he raises four grounds for relief which the Court liberally construes as follows:

> (1) Trial counsel was constitutionally ineffective for failing to advise Petitioner that his actions might not constitute delivery of narcotics under Oregon law;
>
> (2) Trial counsel and Petitioner's PCR attorney were ineffective, and the PCR court abused its discretion, insofar as Petitioner did not benefit from the retroactive application of the Supreme Court's decision in *Ramos v. Louisiana*, 140 S.Ct. 1390, 1397 (2020);
>
> (3) The trial court violated Petitioner's right to due process of law when it failed to comply with the Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); and
>
> (4) Petitioner's trial attorney failed to advise him that he could potentially be subject to the Armed Career Criminal Act in a future federal prosecution.

Petition for Writ of Habeas Corpus (#1), pp. 5-6.

3 – OPINION AND ORDER

Respondent asks the Court to deny relief on the Petition because: (1) Petitioner did not fairly present Grounds Three and Four to Oregon's state courts, leaving them procedurally defaulted and ineligible for federal habeas corpus review; and (2) the state courts denied relief on Grounds One and Two in decisions that are objectively reasonable.

## DISCUSSION

I.     **Exhaustion and Procedural Default**

Respondent argues that Grounds Three and Four are ineligible for federal habeas corpus review because they are procedurally defaulted. A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)).

If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Castille v. Peoples*, 489 U.S. 346, 351 (1989). In this respect, a petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause

and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

### A. Ground Three: Failure to Apply *Apprendi v. New Jersey*

As Ground Three, Petitioner asserts that the trial court violated his right to due process of law when it failed to apply *Apprendi*'s holding that, "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Petitioner did not, however, preserve any such objection in his proceedings in the Marion County Circuit Court. Respondent's Exhibit 106. During his direct appeal, Petitioner raised due process challenges to his sentence in the *pro se* Section B of his *Balfour* brief. Respondent's Exhibit 107, pp. 7-11. However, because he had not preserved a due process challenge at the trial court level, his claims were not properly before the Oregon Court of Appeals. *See State v. Wyatt,* 331 Or. 335, 343, 15 P.3d 22 (2000) (to preserve an issue for appellate review in Oregon, the party must make a trial-level objection "that is specific enough to endure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error"); *see also Wainright v. Sykes*, 433 U.S. 72, 88-90 (1977) (recognizing the importance of honoring state contemporaneous objection rules in federal habeas corpus proceedings); ORAP 5.45. Petitioner therefore failed to fairly present his Ground Three claim to Oregon's state courts.

### B. Ground Four: Armed Career Criminal Act

As Ground Four, Petitioner argues that his trial attorney failed to advise him that, by entering a guilty plea, he might at some future point face consequences under the Armed Career Criminal Act if he were the subject of a federal criminal prosecution. Petitioner acknowledges in

5 – OPINION AND ORDER

his Petition for Writ of Habeas Corpus that he did not present this issue to the Oregon Supreme Court for its consideration, Petition (#1), p. 6, thus he did not fairly present the issue to Oregon's state courts. Because the time for fairly presenting Grounds Three and Four to Oregon's state courts passed long ago, they are now procedurally defaulted.

### C.    Excusing Procedural Default

In his Supporting Memorandum (#82), Petitioner attempts to excuse his procedural default by asserting a gateway claim of actual innocence. In *Schlup v. Delo*, 513 U.S. 298 (1995), the Supreme Court addressed the process by which state prisoners may prove "actual innocence" so as to excuse a procedural default. The Court explained that in order to be credible, a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence-–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-–that was not presented at trial." *Id.* at 324; *Downs v. Hoyt*, 232 F.3d 1031, 1040 (9th Cir. 2000), *cert. denied*, 121 S.Ct. 1665 (2001). Ultimately, a petitioner must prove that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. *Schlup*, 513 U.S. at 327; *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Downs*, 232 F.3d at 1040. In making this determination, this Court "must assess the probative force of the newly presented evidence in connection with the evidence of guilt adduced at trial." *Schlup*, 513 U.S. at 332.

In this case, Petitioner does not present any new evidence of his innocence. He claims his convictions are not legally supported, but a showing of actual innocence under *Schlup* requires a petitioner to show factual innocence, not legal insufficiency. *Bousley v. United States*, 523 U.S. 538, 559 (1998). To the extent Petitioner asserts that the Court should excuse his default under a cause and prejudice standard, he has not met his burden to establish that some external factor that

was not attributable to him prevented him from complying with a state procedural rule.[2] *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

Even if the Court could proceed to the merits of these claims, Petitioner would not be entitled to habeas corpus relief. With respect to his Ground Three claim, as is evident from *Blakely v. Washington,* 542 U.S. 296, 303 (2004), the holding of *Apprendi* does not apply to admissions of guilt. As to his Ground Four claim, there is no indication Petitioner was punished under the Armed Career Criminal Act due to his plea, nor is there any suggestion in the record that had he been advised of the Act's existence, he would have rejected his favorable plea offer and insisted on proceeding to trial. *See United States v. Dominguez Benitez,* 542 U.S. 74, 76 (2004) (a defendant who pleads guilty can only establish prejudice from attorney error if there is "a reasonable probability that, but for the error, he would not have entered the plea."). Consequently, Grounds Three and Four are not only procedurally defaulted, but also lack merit.

## II.     The Merits of Grounds One and Two

### A.     Standards

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing

---

[2] If Petitioner is attempting to excuse his default due to the performance of his PCR attorney, he is unable to do so because, as discussed in the next paragraph of the Opinion, Grounds Three and Four lack merit. *See Martinez v. Ryan,* 566 U.S. 1, 14 (2012) (to excuse a procedural default based on alleged PCR attorney error, the claim at issue must present a substantial claim of ineffective assistance of trial counsel, *i.e.*, it must have "some merit").

law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. Twenty-eight U.S.C. § 2254(d) "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents. It goes no farther." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

Twenty-eight U.S.C. § 2254(d)(2) allows a petitioner to "challenge the substance of the state court's findings and attempt to show that those findings were not supported by substantial evidence in the state court record." *Hibbler v. Benedetti*, 693 F.3d 1140, 1146 (9th Cir. 2012). A state court renders an unreasonable determination of the facts if it "plainly misapprehends or misstates the record in making its findings or where the state court has before it, yet apparently ignores, evidence that supports petitioner's claim." *Andrew v. Davis,* 944 F.3d 1092, 1107 (9th Cir. 2019) (internal quotations omitted). A federal habeas court cannot overturn a state court decision on factual grounds "unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). This is a "'daunting standard—one that will be satisfied in relatively few cases,' especially because we must be 'particularly deferential to our state-court colleagues.'" *Hernandez v. Holland*, 750 F.3d 843, 857 (9th Cir. 2014) (quoting *Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004)).

### B. Analysis

#### 1. Ground One: Failure to Advise of Potential Change in State Law

At the time Petitioner entered his pleas in February 2019, Oregon law permitted criminal defendants to be convicted of delivering narcotics if they took a substantial step toward the completion of a drug transfer. *State v. Boyd,* 92 Or. App. 51 (1988). "And so was born an Oregon oddity, the '*Boyd* delivery,' a bootstrapped doctrine where possession of drugs with the intent to sell them constitutes a substantial step toward the crime of delivery and, hence, the attempted crime becomes the *completed* crime of delivery of a controlled substance." *State v. Hubbell,* 314 Or. App. 844, 846 (2021), aff'd, 371 Or. 340 (2023) (emphasis in original). In September 2021, more than two years after Petitioner pled guilty, the Oregon Court of Appeals concluded in *Hubbell* that *Boyd* was "plainly wrong" and that criminal defendants who complete a substantial step toward a completed narcotics delivery in Oregon can be convicted only of attempted delivery. *Id* at 870-71, 848.

During Petitioner's PCR action, he alleged that his trial attorney knew or should have known that the case law in support of his convictions for delivery of narcotics "would soon fall under scrutiny by Oregon appellate courts." Respondent's Exhibit 118, p. 5. He claimed that prior to his plea hearing, counsel failed to inform him that he could proceed to trial and argue that he was only guilty of attempted delivery of narcotics, not actual delivery. He further asserted that had counsel properly advised him of the legal landscape on this issue, he would have insisted on proceeding to trial. *Id*. at 6. These PCR arguments correspond to Petitioner's allegations in Ground One of his Petition for Writ of Habeas Corpus.

The Court uses the general two-part test established by the Supreme Court to determine whether Petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, 556 U.S.

111, 122-23 (2009). First, Petitioner must show that his counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, Petitioner must show that his counsel's performance prejudiced the defense. The appropriate test for prejudice is whether Petitioner can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. "The likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. 86, 112 (2011) (citing *Strickland,* 466 U.S. at 693). In proving prejudice, a petitioner who has pled guilty or no contest to an offense must demonstrate that there is a reasonable probability that, but for counsel's errors, he would not have entered such a plea and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review." *Mirzayance*, 556 U.S. at 122.

During Petitioner's PCR action, his trial attorney submitted a Declaration in which he addressed this issue:

> 2.     Mr. Delfin alleges that I failed to discuss with him the possibility that the Oregon Court of Appeals decision in *State v. Boyd,* 92 Or. App. 51 (1988), could be overturned. I was aware of *Boyd* and the implications it had for drug delivery crimes at the time. As a standard procedure, I would explain the holding in *Boyd* to my clients when it was relevant to their case and further explain what that meant the State needed to prove to convict them of delivery. It was also my practice to advise my clients that defense attorneys, including myself, continued to argue that *Boyd* was wrongly decided and should be overturned. But I also advised my clients that I could not guarantee that *Boyd* would be overturned. I am confident that I had this discussion with Mr. Delfin because I had it with every client

>     similarly charged. If Mr. Delfin's case had gone to trial, I would
>     have argued that *Boyd* was wrongly decided.

Respondent's Exhibit 133, p. 1.

The PCR court found trial counsel "to be credible in his declaration that he did discuss the fact that *Boyd* might be reversed in the future with Petitioner" and also stated that "Petitioner is found not to be credible." Respondent's Exhibit 135, pp. 1-2. The PCR court further concluded that even if counsel had not discussed the legal landscape with Petitioner, counsel could not be ineffective because *Boyd* was settled law at the time Petitioner entered his pleas, and reversal of *Boyd* was uncertain. *Id.* at 2. The Oregon Court of Appeals found no error in this analysis. Respondent's Exhibit 141, p. 5.

The PCR court's credibility determinations constitute factual findings that are presumably correct because Petitioner has not overcome them by identifying clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1). Taking the credibility determinations as true, counsel's performance did not fall below an objective standard of reasonableness because he did, in fact, advise Petitioner that he believed *Boyd* had been wrongly decided, was germane to his case, but that he could not guarantee that *Boyd* would be overturned. Even if counsel had not so advised Petitioner, *Boyd* had settled the legal issue regarding what constituted "delivery" in Oregon 31 years before Petitioner entered his guilty pleas, and counsel was not constitutionally obligated to predict that *Boyd*'s more than two years before it actually occurred. See *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994) (lawyers not required to anticipate decisions, and conduct must be evaluated at the time of that conduct). Accordingly, the Oregon Court of Appeals' decision to deny relief was not unreasonable.

///

///

      2.      Ground Two: Nonunanimous Verdicts

Petitioner's second claim focuses on his trial attorney's failure to advise him that Oregon's tolerance for nonunanimous criminal verdicts was likely to be reversed.[3] At the time Petitioner entered his guilty pleas in February 2019, the Supreme Court's precedent permitting Oregon's use of nonunanimous guilty verdicts in its criminal cases had persisted for 47 years. *See Apodaca v. Oregon,* 406 U.S. 404 (1972). It was not until shortly after Petitioner entered his guilty pleas that the Supreme Court granted certiorari on this issue in the context of a case rising from the Louisiana Court of Appeal. *State v. Ramos,* 2016-1199 (La. App. 4 Cir. 11/2/17), 231 So.3d 44 (2017), *cert. granted,* 139 S.Ct. 1318 (Mar. 18 2019). More than a year after granting certiorari, the Supreme Court overturned *Apodaca* and held that a criminal defendant's Sixth Amendment right to a jury trial encompasses a requirement that the jury's decision be unanimous. *Ramos v. Louisiana*, 140 S.Ct. 1390, 1397 (2020) (cert. granted 3/18/20219).

Trial counsel was aware of the continuing challenges to non-unanimous jury verdicts, but could not recollect whether he had discussed with Petitioner the fact that *Apodaca* might be overturned. Respondent' Exhibit 104, p. 2. However, as with Petitioner's Ground One claim, "*Strickland* does not mandate prescience, only objectively reasonable advice under prevailing professional norms." *Sophanthavong v. Palmateer,* 378 F.3d 359, 870 (citing *Strickland*, 466 U.S. at 690). Thus, to the extent counsel did not address any perceived vulnerability with *Apodaca*, his performance cannot be faulted. To the extent Petitioner asserts that his PCR attorney and the PCR court erred because he did not benefit from the retractive application of *Ramos*, on May 17, 2021,

---

[3] To the extent Petitioner faults the trial court for erring with respect to the jury unanimity issue, he failed to fairly present such a claim in state court. Moreover, for the reasons identified within this Opinion, any such due process claim lacks merit because the law permitting nonunanimous verdicts was well settled at the time Petitioner pled guilty in February 2019.

the Supreme Court concluded that *Ramos* does not apply retroactively to cases on collateral review. *Edwards v. Vannoy,* 141 S.Ct. 1547 (2021).

With respect to a prejudice inquiry, the PCR court found that it "strain[ed] credulity" for Petitioner assert that had he known *Apodaca* might be overturned, he would have foregone the plea offer, insisted on going to trial, and hoped that, if convicted, it would be by a nonunanimous jury so that he could potentially benefit from a retroactive ruling that could result in a retrial. Petitioner's Exhibit 135, p. 2. The Oregon Court of Appeals agreed with this assessment given the benefits Petitioner received from his plea deal, which included the dismissal of three felony charges and the prosecution's agreement not to seek an upward departure sentence. Respondent's Exhibit 141, p. 4; Respondent's Exhibit 138, p. 30. The state courts' reasoning on the prejudice issue is reasonable. Consequently, even if Petitioner could show that his attorney erred, he could not demonstrate that he was prejudiced by the error. For all of these reasons, the Oregon Court of Appeals' decision was not objectively unreasonable, and Petitioner is not entitled to habeas corpus relief.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) is denied. The Court declines to issue a Certificate of Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

June 2, 2025
DATE

Michael H. Simon
United States District Judge